4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY LYNCH-BEY,

        Plaintiff,

v.

JOHN RUBITSCHUN ET AL.,

        Defendant(s).

_____/

Case No. 05-72378
(Previously consolidated with 05-71318)

Honorable Nancy G. Edmunds

**ORDER**

1. **GRANTING PLAINTIFF'S MOTION FOR SEVERANCE OF CLAIMS [64];**
2. **GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S RESPONSES AND/OR FOR A MORE DEFINITE STATEMENT [99];**
3. **VACATING ORDER OF CONSOLIDATION WITH CASE NO. 05-71318 [7] AND REOPENING CASE NO. 05-72378;**
4. **DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [2];**
5. **DENYING APPLICANTS' MOTION TO INTERVENE AS PLAINTIFFS [5];**
6. **DENYING APPLICANTS' MOTION TO INTERVENE AS PLAINTIFFS [96];**
7. **DENYING APPLICANTS' MOTION TO INTERVENE AS PLAINTIFFS [104];**
8. **DISMISSING PROPOSED CLASS PLAINTIFFS.**

On April 5, 2005, a class action complaint was filed in this Court under 29 U.S.C. § 1983, alleging violation of the Ex Post Facto Clause and the Due Process Clause of the United States Constitution. The plaintiffs are parolable life inmates in the Michigan Department of Corrections who were convicted before October 1, 1992, for whom parole has been rejected or deferred; the defendants are members of the Michigan Parole Board and the Director of the Michigan Department of Corrections. That case is captioned Kenneth Foster-Bey et al. v. Rubitschun et al., Case No. 05-71318 ("the Foster-Bey Case").

On June 15, 2005, Plaintiff Anthony Lynch-Bey filed this action[1] ("the Lynch-Bey Case"), which makes substantially similar allegations and names the same Defendants as the Foster-Bey Case. Plaintiff sought in his Complaint certification of a class of similarly situated prisoners.

On July 21, 2005, this Court issued an Order consolidating the Foster-Bey Case with the Lynch-Bey Case. All briefing has since been in the Foster-Bey Case, a consolidated class action, Case No. 05-71318. There has been some progress in the consolidated case, including the Court's granting of the plaintiffs' Motion for Class Certification and the setting of discovery and motion schedules.

It now appears, however, that Plaintiff Anthony Lynch-Bey wishes to pursue different theories and strategies against Defendants, and he urges the Court to separate his case from the Foster-Bey Case. He has moved for a severance of claims, as well as to strike Defendants' responses and/or for a more definite statement. The Court GRANTS these Motions inasmuch as they seek to separate the cases and compel Defendants to respond to Plaintiff Anthony Lynch-Bey independent of the Foster-Bey Case. Accordingly, the Court hereby VACATES its July 21 Order and REOPENS the Lynch-Bey Case, No. 05-72378. The Foster-Bey Case and the Lynch-Bey Case shall proceed independent of one-another.

Further, the Court hereby rules that while Plaintiff Anthony Lynch-Bey may pursue his claims pro se, he may not represent a class of individuals. "The right to litigate for oneself . . . does not create a coordinate right to litigate for others. The reasoning behind this rule

---

[1]The first document on the docket is entitled, "PLAINTIFFS MOTION FOR PRELIMINARY INJUNCTION," and, "MOTION FOR CERTIFICATION OF CLASS ACTION." (Case No. 05-72378, Doc. 1.) For purposes of this pro se lawsuit, the Court construes this document as a complaint.

2

is two-fold: it protects the rights of those before the court and jealously guards the judiciary's authority to govern those who practice in its courtrooms." *Myers v. Loudon County Pub. Schs*, 418 F.3d 395, 400 (4th Cir. 2005) (citations omitted). Thus, the Court hereby DENIES Plaintiff Anthony Lynch-Bey's Motion for Class Certification, as well as the three separate Motions to Intervene as Plaintiffs filed in connection with the Lynch-Bey Case. The Court DISMISSES all Plaintiffs from the Lynch-Bey Case, No. 05-72378, with the exception of Mr. Lynch-Bey himself.

The Court notes that all parties who have moved to intervene as plaintiffs in the Lynch-Bey Case but have been excluded because of the Court's above ruling may choose to be represented by class counsel in the Foster-Bey Case, pursuant to other requirements for class membership.[2]

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  February 6, 2006

_____

[2]Class counsel for the Foster-Bey Case, No. 05-71318, has posted a Notice of Class Certification to potential plaintiffs. The Notice is addressed to

> All parolable lifers in the custody of the Michigan Department of Corrections who were convicted before October 1, 1992, and whose parole the "new" parole board has denied, passed over, expressed no interest in pursuing, or otherwise rejected or deferred . . . .

Potential litigants who fall into the above description should contact the Michigan Clinical Law Program, 363 Legal Research Building, 801 Monroe St., Ann Arbor, MI 48109-1215.

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 6, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

4