UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY LYNCH-BEY,

    Plaintiff,                        CIVIL ACTION NO. 05-72378

    v.                                DISTRICT JUDGE NANCY G. EDMUNDS

PATRICIA CARUSO, et al.,        MAGISTRATE JUDGE VIRGINIA MORGAN

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S SECOND MOTION
## TO AMEND COMPLAINT AND SUPPLEMENTAL
## PLEADING ADDING NEW CLAIM OF RETALIATION

This matter is before the court on the motion of the plaintiff to amend his complaint to add new claims of retaliation. The court ordered defendants to respond by December, 2006. To date no response has been filed. For the reasons discussed in this Opinion, IT IS ORDERED that the motion IS DENIED.

Plaintiff, a state prisoner and frequent filer of *pro se* actions, filed this action pursuant to 42 U.S.C. §1983 and claims that the parole board retaliated against him on July 21, 2006, July 24, 2006, and August 1, 2006.[1] He exhausted his administrative remedies with respect to these

---

[1]Although plaintiff has designated this case as one filed pursuant to 42 U.S.C. § 1983, it actually appears to be a petition for habeas corpus. Plaintiff seeks to challenge the fact or duration of his confinement. This is a classic habeas claim. See, 28 U.S.C. § 2254, Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). It appears that plaintiff previously filed an unsuccessful habeas case, Case No. 98-75060 (Rosen, J.) and therefore, this action could be dismissed as a second or successive petition filed without authorization of the court of appeals. See e.g., Mott

- 1 -

activities on or about October 21, 2006. He has previously amended the complaint. He states now that the Parole Board's determination that he is not suitable for release and its conduct of a face-to-face interview was an arbitrary abuse of governmental power designed to punish him for exercising his constitutional right to seek redress in the court. As was pointed out by the Warden in his response to the Step II grievance and as quoted in plaintiff's proposed amended complaint at ¶63:

> ". . .Your grievance was rejected at Step I as being non-grievable. Your issue deals with the Parole Board. You allege the Parole Board's actions were in retaliation for the pending litigation. You are currently serving a life sentence for Second Degree Murder. You became eligible for parole after completing ten calendar years of that sentence. The Parole Board is only required to review your file every five years thereafter. In July 2006, you were scheduled for a life file review and the Parole Board chose to show no interest in your case. You provide no evidence to substantiate your allegation. Grievance denied at Step II."

Plaintiff had a face-to-face interview in July, 2006. He had previously been reviewed and denied parole in 2001. He claims that the face-to-face interview was a "sham hearing." He seeks money damages and injunctive relief, including a full parole suitability hearing with new decision-makers.

On October 19, 2006, this court issued a Report and Recommendation (D/E #43) to grant the defendant's motion to dismiss and for summary judgment. Plaintiff filed objections and acceptance of the Report and Recommendation is still pending. As discussed in the Report, plaintiff failed to state a claim upon which relief can be granted. Plaintiff's original claim was

---

v. Booker, 2007 WL 142166 (E.D. MI)(Petition challenging "life means life"a successive habeas petition).

that his life sentence had been lengthened unconstitutionally. He states that it violates the *Ex Post Facto* Clause because the Parole Board implemented new guidelines and policies (the "life means life" policy). He also argued that he was denied procedural and substantive due process. His claims and all those similar claims raised by other inmates have been held to be without merit and not actionable by all judges who have addressed this issue, including Judge Edmunds, Judge Bell from the Western District, and Judge Tarnow. (See Report & Recommendation, 8-12) Likewise, the United States Supreme Court holds that changes in views of Parole Board members who may be less inclined to grant parole does not implicate the *Ex Post Facto* Clause or the Constitution. Garner v. Jones, 529 U.S. 244, 249-250 (2000).

In addition, plaintiff's motion to amend should be denied on the merits. He raises merely conclusory allegations of retaliatory motive which are unsupported by material facts. This is not sufficient to state a claim under §1983. Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir. 1987); see also Williams v. Bates, 1994 WL 677670, *3 (6th Cir. 1994)(unpublished). Further, plaintiff's underlying argument is spurious. Plaintiff argues that the face-to-face interview is retaliatory, that it is an "adverse action" which would deter a person of ordinary firmness from the exercise of his First Amendment rights. However, plaintiff has no case law to this effect. This circuit has "repeatedly held that transfer from one prison to another cannot rise to the level of an 'adverse action' because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights." Smith v. Yarrow 78 Fed. Appx. 529 (6th Cir. 2003)(collecting cases). Likewise, there is no support for the plaintiff's contention that the parole interview is an

"adverse action." His amendment is futile. The court is not required to entertain frivolous or meritless amendments. See, F.R.C.P. Rule 15.

Therefore, IT IS ORDERED that the motion IS DENIED.

So Ordered.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: June 20, 2007

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U.S. Mail on June 20, 2007.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan