# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY LYNCH-BEY,

        Plaintiff,

v.

PATRICIA CARUSO, et al.,

        Defendant.
_____/

Case No. 05-72378
HON. MARIANNE O. BATTANI

## OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 54). Plaintiff objects to the Magistrate Judge's determination that his due process claims and ex post facto claim should be dismissed. For the reasons discussed below, the Court **ADOPTS** in part and **REJECTS** in part the Report and Recommendation (R&R).

## I. BACKGROUND

Plaintiff brings an action pursuant to 42 U.S.C. § 1983, challenging the constitutionality of Michigan's parole policies. According to his Complaint, he was convicted of second degree murder, breaking and entering, assault with intent to commit great bodily harm less than murder, arson, and armed robbery, for which he was sentenced to life imprisonment with the possibility of parole. Compl., at ¶ 4. Plaintiff alleges that due to changes in parole policies that occurred in 1992, his sentence has been increased in violation of the Ex Post Facto Clause of the United States Constitution and the Due Process Clause.

The Court referred all pretrial proceedings to the Magistrate Judge. Defendants, who include the Director of the Michigan Department of Corrections, and members of the Michigan Parole Board, filed a Motion for Dismissal or Summary Judgment.

The Magistrate Judge recommended that the motion be granted because neither the due process claims or the ex post facto claim stated a claim upon which relief could

be granted.

Plaintiff's case was consolidated with Case No. 05-71318, <u>Foster Bey et al., v. Rubitschun, et al.</u>, No. 05-71318, a class action law suit raising similar challenges to the "life means life policy." Thereafter, Plaintiff successfully moved to have his claims severed. Because the Court was reviewing summary judgment motions relative to the ex post facto claim in <u>Foster Bey</u>, however, the Court deemed it prudent to address the Report and Recommendation in this case only after the dispositive motions in <u>Foster Bey</u> were decided. That matter has been resolved, and for the reasons that follow, the Court adopts the Magistrate Judge's recommendation that Plaintiff's due process claims be dismissed for failure to state a claim. The Court rejects the recommendation to dismiss Plaintiff's ex post facto claim.

## II. STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." <u>Id</u>. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." <u>United States v. Shami</u>, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. <u>Flournoy v. Marshall</u>, 842 F.2d 875, 878 (6th Cir. 1987).

## III. ANALYSIS

### A. Due Process Claims

The Court has reviewed Plaintiff's arguments regarding his procedural due process claim and finds they merely rehash legal issues that were presented to and

2

thoroughly considered by the Magistrate Judge. Because Plaintiff raises two arguments on recent cases relative to his substantive due process argument, the Court addresses them briefly below.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Gray v. City of Detroit, 399 F.3d 612, 615 (6th Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)) (internal quotation marks omitted). "There is no constitutional or inherent right of a convicted person to be conditionally released [e.g., paroled] before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). To obtain a constitutionally protected liberty interest, a prisoner must have a "legitimate claim of entitlement to it," which can only be created by state law. Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth., 929 F.2d 233, 235 (6th Cir.1991) (quoting Greenholtz, 442 U.S. at 7, 99 S.Ct. 2100).

The Magistrate Judge correctly analyzed Plaintiff's substantive due process claim, observing that because Plaintiff's claim does not implicate a fundamental constitutional right, Plaintiff must satisfy the "shocks the conscience" standard. The Magistrate Judge concluded that, as a matter, of law, the "life means life policy" did not do so.

> Plaintiff was convicted by a jury of second degree murder and lawfully sentenced to a term of life imprisonment. It is certainly not shocking to the conscience to enforce a valid life sentence imposed for the intentional taking of another human life. Moreover, at the time plaintiff was sentenced, he had no claim of right or entitlement to future parole. Petitioner had, at best, a possibility of being paroled if he maintained a clean prison disciplinary record and otherwise met the criteria for release on parole.

R&R at 9.

This Court agrees. Plaintiff's argument that the case law upon which the

Magistrate Judge relied is distinguishable is not persuasive. Plaintiff relies on Sandin v. Conner, 515 U.S. 472, 484 (1995) (discussing whether a prisoner had a liberty interest in remaining free of disciplinary segregation) to advance a different standard, whether the state regulations imposed an a typical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life."

This argument was considered and rejected in Michael v. Ghee, 498 F.3d 372 (6th Cir. 2007). The appellate court limited the Sandin test to claims dealing with the day-to-day management of prisons. This Court likewise finds it is not applicable to parole eligibility determinations. When a parole board denies parole to a prisoner, he does not suffer an "atypical" or "significant hardship" compared to other prisoners. He merely continues to serve his sentence under the same conditions as other prisoners. Consequently, Sandin does not trump the rule articulated in Greenholtz. See also Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").

In his Supplemental Memorandum in Support of Objections to Magistrate's Report and Recommendation (Doc. No. 56), Plaintiff directs the Court to United States v. Husein, 478 F.3d 318 (6th Cir. 2007), as providing additional support for his objection. The case is distinguishable in that the Court was addressing federal not state sentencing and the transformation of a noncustodial sentence into a custodial one. Accordingly, the Court adopts the recommendation and dismisses the due process claims.

### B. Ex Post Facto Claim

The Court rejects the Magistrate Judge's analysis of Plaintiff's ex post facto claim for the reasons articulated in the Opinion and Order Granting Plaintiffs' Motion for Summary Judgment and Denying Defendants' Motion for Summary Judgment entered on October 23, 2007, in <u>Foster Bey</u>, No. 05-71318.

### IV. CONCLUSION

For the reasons set forth above, the Court **ADOPTS** in part and **REJECTS** in part the Report and Recommendation.

**IT IS SO ORDERED.**

                                         s/Marianne O. Battani
                                         MARIANNE O. BATTANI
                                         UNITED STATES DISTRICT JUDGE

DATED: <u>February 28, 2008</u>

### CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed to Plaintiff and counsel of record on this date by ordinary mail.

                                         s/Bernadette M. Thebolt
                                         DEPUTY CLERK